NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | Civ. No. 02-4834 (GEB) |
| v. | **MEMORANDUM OPINION** |
| JOYCE P. CHANG, *et al.*, | |
| Defendants. | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of defendants Joyce Chang; Michael Chang; Elaine Chang, a.k.a. Elaine Darer; and Cheryl Cherne (collectively referred to as "Defendants") to reopen the time to file an appeal from the Court's Order entered March 20, 2006, granting summary judgment in favor of the United States of America on behalf of its agency, the Small Business Association ("SBA" and referred to collectively with the United States as "Plaintiffs") on their claims seeking partial satisfaction of judgments against defendant David Chang from fraudulent transfers made to Defendants. The Court decided the motion based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motion to reopen the time to file an appeal is granted.

## I. BACKGROUND

The SBA holds two judgments against defendant David Chang. The first judgment, dated

December 18, 1998, is in the amount of $2.1 million.  The second judgment, dated June 18, 1999, is in the aggregate amount of approximately $995,000.  Plaintiffs filed their Complaint on October 7, 2002, seeking to recover certain fraudulent transfers from Michael Chang to Defendants, pursuant to the above judgments.  On March 20, 2006, the Court entered an Order granting Plaintiffs' motion for summary judgment with respect to $525,000 in aggregate transfers.

On or about June 19, 2006, Defendants filed the instant motion to reopen the time to file an appeal from that Order and Plaintiffs opposed.

## II. DISCUSSION

### A. Standard for Reopening the Time to File an Appeal

Federal Rule of Appellate Procedure 4(a)(6) permits district courts to reopen the time to file an appeal for a period of 14 days where the Court finds that "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment; the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;" and "the court finds that no party would be prejudiced."  Fed. R. App. P. 4(a)(6)(A)-(C).

### B. Absence of Prejudice Favors Granting the Motion

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), Defendants were required to file their notice of appeal within 60 days of the entry of the Court's March 20, 2006 Order granting Plaintiffs' motion for summary judgment.  However, Defendants assert that they and their counsel did not initially receive notice of entry of the Court's Order until individually

2

receiving notification, on or about June 12, 2006, via letter sent from Plaintiffs by United States mail.  (See Declarations of Defendants.)  Defendants subsequently filed the instant motion on June 19, 2006, seven days after receiving this notice from Plaintiffs, and therefore submit that the first two prongs of Rule 4(a)(6) are satisfied.  Without engaging in the potentially lengthy inquiry into the electronic transmissions presently involved in noticing, see Lewis v. Blaine, No. 02-1162, slip op. at 4-6 (D.N.J. Dec. 21, 2005), the Court is prepared to accept Defendants' counsels' contention that they did not receive notice, electronically or otherwise, of the Court's Order until they and Defendants received these letters from Plaintiffs' counsel.  Accordingly, since the motion was filed within seven days of receipt of this notice of the entry of the Order, and before the expiration of 180 days after the Order was entered, the Court finds that the first two prongs of Rule 4(a)(6) have been met.

       The third prong requires the Court to find that no party would be prejudiced by reopening the time to file an appeal.  Fed. R. App. P. 4(a)(6)(C).  Defendants asserted in their moving papers that there is no prejudice in granting the instant motion.  In their opposition, Plaintiffs made no assertion of prejudice, instead focusing on the other prongs of the Rule, in addition to countering other rationales set forth by Defendants.  Consequently, the Court finds that no party would be prejudiced by reopening the time to file an appeal in this matter.  Therefore, pursuant to Rule 4(a)(6), the time to file an appeal from the Court's Order entered March 20, 2006, is reopened for a period of 14 days following entry of the Order accompanying this Memorandum Opinion.

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion is granted.  An appropriate form of order accompanies this Memorandum Opinion.

Dated: July 27, 2006

                                                s/ Garrett E. Brown, Jr.
                                                GARRETT E. BROWN, JR., U.S.D.J.